UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | | |
|---|---|---|
| ROBERT A. BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:10-CV-427-JBC |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| OFFICER WILLIAM FEDIERSPIEL, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

** ** ** ** **

Robert E. Banks filed this action against the following defendants: (1) William Fedierspiel, identified as an officer with the Lexington Metropolitan Police Department; (2) Lex Park[1]; and (3) Bluegrass Towing. He has also moved to compel the United States Marshals Service ("USMS") to uphold his property rights under the Fifth Amendment. R. 8.

Banks alleges that on September 30, 2010, between 10:00 a.m. and 12:00 p.m., the defendants violated his rights under both Kentucky and federal law. Specifically, Banks alleged that Fedierspiel and the other defendants "deprived him of his property without due process of law in violation of KRS 189.450 and 189.753 and did not allow him time under law to recover his private property which in fact is in direct violation of Plaintiff's Fifth Amendment Rights." R. 1, pp. 1-2. He demanded $50,000.00 in damages and

---

[1]

The Lexington and Fayette County Parking Authority ("LFCPA"), commonly known and referred to as "Lex Park," is an instrumentality acting under the authority of the Lexington Fayette Urban County Government ("LFUCG"). *See* www.lexpark.org. The LFCPA/Lex Park is responsible for operating public parking and enforcing parking violations in accordance with state laws and local ordinances.

$250,000.00 in punitive damages.

Banks has been granted *in forma pauperis* status.  Under 28 U.S.C. § 1915(e), a district court must dismiss an *in forma pauperis* action if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996).  Because Banks fails to state a claim upon which relief can be granted, the court will dismiss this action with prejudice and will deny as moot his pending motion.

**DISCUSSION**
**1.  Nature of Alleged Property Deprivation**

Banks did not specify what property the defendants allegedly took from him.  A court must liberally construe a *pro se* litigant's complaint, *Middleton v. McGinnis*, 860 F.Supp. 391, 392 (E.D. Mich.1994), and "however inartfully pleaded," it is to be held to "less stringent standards" than one drafted by counsel.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Since Banks named Lex Park, a Lexington police officer, and a towing company as defendants, Banks was apparently alleging that he was deprived of a vehicle and that it was towed and/or impounded.  Indeed, Banks stated in his Motion to Compel, "The deprivation of property within a few minutes after the vehicle broke down violates the Ky. Red Tag. Law."  R. 8, p. 3, ¶ 6.  In that motion, Banks reiterated that the deprivation of his

---

[2]

An *in forma pauperis* claim asserted by a non-prisoner plaintiff may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir.1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir.1985).

property violated his state and federal equal protection rights; alleged that this court was not protecting his rights and demanded that it address his claims; and demanded that the USMS immediately serve the defendants with summonses.

## 2. Federal Claims Against State Actors Fedierspiel and Lex Park Under 42 U. S. C § 1983

Banks did not allege the basis of jurisdiction for his due process/property deprivation claims against Fedierspiel and Lex Park. Broadly construed, Banks's due process/property deprivation claim falls under the Fourteenth Amendment of the United States Constitution,[3] which provides as follows in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Banks's claims fall under 42 U. S. C . § 1983, which provides relief for deprivations of federal rights against persons who act under color of state law. As a municipal employee, Fedierspiel qualifies as a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988). Lex Park, as an instrumentality of the LFUCG municipality, is a "person" within the meaning of section 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), and is also amenable to suit as a state actor. *Hughes v. Region VII Area Agency on Aging*, 423 F. Supp.2d 708, 716-18 (E.D. Mich.2006), *aff'd in part* 542 F.3d 169 (6th Cir. 2008).

The uninterrupted use of one's vehicle is a significant and substantial private interest

---

[3]

Although Banks alleged that he had been deprived of his property rights without due process of law in violation of the Fifth Amendment of the United States Constitution, the Fifth Amendment applies to persons acting under color of federal law, not state law. Banks does not allege, nor does it appear, that any of the defendants acted under color of *federal* law.

protected under § 1983. *Harris v. County of Calhoun*, 127 F. Supp.2d 871, 876 (W.D.

Mich. 2001); *Scofield v. City of Hillsborough*, 862 F.2d 759, 762 (9th Cir.1988); *Coleman*

*v. Watt*, 40 F.3d 255, 260 (8th Cir.1994); *Price v. City of Junction*, 711 F.2d 582, 589 (5th

Cir.1983) (holding that "[w]hether a junk car has little or great value, it is constitutionally

protected property").

A plaintiff asserting a Fourteenth Amendment property deprivation claim must

demonstrate that it resulted from either: "(1) an established state procedure that itself

violates due process rights, or (2) a 'random and unauthorized act' causing a loss for which

available state remedies would not adequately compensate the plaintiff." *Warren v. City*

*of Athens*, 411 F.3d 697, 709 (6th Cir. 2005) (quoting *Macene v. MJW, Inc.*, 951 F.2d 700,

706 (6th Cir. 1991)). Under either scenario, Banks fails to state a valid Fourteenth

Amendment due process/property deprivation claim under § 1983.

## A. Established State Procedures

A vehicle can be towed and impounded under various established state law

procedures. Banks fails to allege that established state procedures caused him to be

deprived of his vehicle, in violation of the Fourteenth Amendment.

Banks broadly alleged that the defendants deprived him of his property in violation

of two specific Kentucky statutes, KRS 189.450 and 189.753, and in violation of his Fifth

Amendment right to due process of law. He claims that the defendants violated his rights

"by not allowing him time to retrieve his property." R. 1, p.2.

Banks does not allege how any of the defendants violated the two statutes he cited,

the other Kentucky towing statutes discussed below, or any LFUCG Local Ordinances, in

4

depriving him of his vehicle. He did not allege what role each defendant played in the alleged deprivation. To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Banks asserts only broad, conclusory allegations that the defendants deprived him of property in violation of two Kentucky statutes. Although any ambiguities must be resolved in the plaintiff's favor, *see Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992), the court is "not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 F. Appx. 573, 574 (6th Cir. 2003) (citations omitted). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 514, 515 (6th Cir. 1999), (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997)). Banks's Complaint is devoid of "all material elements" that would put Fedierspiel or Lex Park on notice of facts supporting his property deprivation claims.

Further, the two Kentucky statutes Banks cited do not afford owners or users of vehicles to be towed "time to retrieve their property" prior to being towed and impounded. They do permit the towing and impounding of a vehicle under certain circumstances. KRS 189.450 permits the towing and impounding of a vehicle that has been left standing on a roadway or on the shoulder of a toll-road, interstate highway, or fully controlled access highway. KRS 189.753 permits the Department of the Kentucky State Police to order the towing and impoundment of an abandoned motor vehicle, defined as a vehicle left on the

right-of-way of a state highway for three consecutive days.

Other statutory schemes, such as KRS 82.600 to 82.635,collectively referred to as the "Local Government Parking Citation Enforcement Act," permit the towing and impoundment of vehicles. Ky. Rev. Stat. Ann. § 82.605 vests local governments with broad authority to impose penalties for the violation of parking ordinances. *Id*. ("Any local government may enact parking ordinances and impose penalties for the violation of such ordinance ... pursuant to the procedures set forth in KRS 82.600 to 82.640.").

Additionally, Ky. Rev. Stat. Ann. § 82.625 provides that "Any local government may impound a motor vehicle parked, stopped or standing upon a street or public way within its jurisdiction in violation of an ordinance or statute prohibiting parking, stopping or standing in the location, manner or at the time the vehicle is cited *or for any other lawful reason*.")(emphasis added).

Finally, the Local Government Parking Citation Enforcement Act, Local Ordinance 18-176(a), permits the LFUCG to "impound a motor vehicle parked, stopped or standing upon a street or public way within its jurisdiction in violation of an ordinance or statute prohibiting parking, stopping or standing in the location, manner or at the time the vehicle is cited if such vehicle has a record of currently outstanding delinquent parking citations. Such power is in addition to the authority granted pursuant to section 18-112 to remove and impound vehicles declared to be a public nuisance."

Based on the sparse information in the Complaint and Motion to Compel, established state procedures did not cause Banks to be deprived of his vehicle without due process of law in violation of the Fourteenth Amendment.

## B. Random and Unauthorized State Action

Banks also fails to allege that he was deprived of his vehicle without due process of law as the result of random and unauthorized state action, in violation of the Fourteenth Amendment. When a plaintiff alleges that a state officer has randomly and without authorization taken his property without due process, he must first plead and prove the absence of an adequate state remedy. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U .S. 327 (1986); *Fox v. Van Ostreum*, 176 F.3d 342, 348-49 (6th Cir.1999); *Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995). If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).

Due process generally requires that a property owner is entitled to both prior notice and an opportunity for a pre-deprivation hearing. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). But the absence of a pre-towing process is constitutionally permissible if prompt post-towing notice and a hearing are provided. *Ross v. Dagan*, 402 F.3d 575, 584 (6th Cir. 2004); *see also Oberhausen v. Louisville-Jefferson County Metro*, 527 F. Supp.2d 713, 723 (W.D. Ky. 2007) ("Although due process does not require an immediate pre-deprivation hearing, Metro Government must provide adequate post-deprivation procedures to those whose vehicles are impounded.").

In this case, post-deprivation remedies exist in the form of post-towing notice, hearing, and appeal, pursuant to LFUCG Local Ordinance Sec. 18-177 ("Hearing to

challenge validity of impoundment") and Sec. 18-178 ("Appeal of impoundment determination"). These post-deprivation remedies provided Banks with sufficient post-deprivation due process, which was all of the due process to which he was entitled.

Based on the sparse facts in the Complaint and Motion to Compel, no random or unauthorized state action deprived Banks of his vehicle in violation of the Fourteenth Amendment. Accordingly, because Banks's federal due process/property deprivation claims against Fedierspiel and Lex Park fail to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e), and lack an arguable basis in law or fact, *see Neitzke v. Williams*, 490 U.S. 327-28, his Fourteenth Amendment claims against Fedierspiel and Lex Park will be dismissed with prejudice, and his Motion to Compel will be denied.

### 3. Other Grounds to Dismiss Claims Against Lex Park

Banks's claim against Lex Park, an arm of LFUCG, fails for another reason. To establish municipal liability pursuant to §1983, a plaintiff must allege that the municipality officially adopts, implements, or executes a custom, policy statement, ordinance, regulation, or decision which results in a constitutional deprivation, even if the custom does not receive formal approval. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality cannot be held liable for damages under § 1983 based upon *respondeat superior* solely because it employs a tort-feasor. *Id*. A municipality can be held responsible for a constitutional deprivation only if a direct causal link exists between its policy or custom and the alleged constitutional deprivation. *Id*. at 690-91; *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003); *Deacon v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Banks does not allege that the LFUCG followed or implemented a pattern or policy depriving him of his property. Instead, he alleges in rudimentary terms that the defendants violated KRS 189.450 and 189.753 without alleging what actions the defendants took. To the extent that Banks complains that his vehicle was improperly towed, the LFUCG is empowered under both state law and local ordinance to tow and impound vehicles under various circumstances, as explained above. Thus, Banks alleges no direct causal connection between a municipal policy or custom of the LFUCG and the alleged property deprivation about which he complains. For this additional reason, the federal claims against Lex Park fail to state a claim upon which relief can be granted.

**4. Federal Claims Against Bluegrass Towing Under 42 U. S. C § 1983**

Banks' construed § 1983 claims against Bluegrass Towing also fail to state a claim upon which relief can be granted and lack an arguable basis in law or fact. To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt*, 451 U.S. at 535. Banks alleges no facts indicating that Bluegrass Towing was acting under color of state law when it allegedly deprived him of his property.

Generally, to be considered a "state actor" under § 1983, the defendant must be a government official or employee. Bluegrass Towing is a private entity, not a government, entity. A private party acts under color of state law when it acts "together with or ... obtain[s] significant aid from state officials" and does so to such a degree that its actions may properly be characterized as "state action," *Luger v. Edmundston Oil Co.*, 457 U.S.

922, 937 (1982), or if it exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co*., 419 U.S. 345, 352 (1974).

Private towing companies with whom municipalities contract to tow and impound cars do not become state actors by performing their public contracts. *Bell v. Mgt. and Training Corp*., 122 F. App'x 219, 222 (6th Cir. 2005); *Green v. Metropolitan Police Dept*., No. 3:06-CV-0446, 2008 WL 4981901, at *3 (M.D. Tenn. November 18, 2008) (affirming part of Report and Recommendation finding that towing service did not act under color of state law); *Bowersock v. City of Lima*, No. 3:07-CV-00730, 2008 WL 17687083, at *2 (N.D. Ohio Apr. 16, 2008); *Griesser v. Pirkel's Towing Co*., No. 1:06-CV2904, 2007 WL 582386, at *2(N.D. Ohio Feb.20, 2007). Because Bluegrass Towing is not a state actor, Banks's construed § 1983 claim against it will be dismissed with prejudice.

### 5. State-Law Claims

Because the federal claims against the defendants have been dismissed, the court declines to exercise jurisdiction over Banks's pendent state law claims alleging violations of KRS 189.450 and 189.753. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Those claims will be dismissed without prejudice to Banks's asserting those claims in state court.

### CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Robert Banks's Fourteenth Amendment claims under 42 U.S.C. § 1983 against Defendants William Federspiel, Lex Park, and Bluegrass Towing, are **DISMISSED WITH PREJUDICE**.

2.      Banks's pendent state claims against Fedierspiel, Lex Park, and

Bluegrass Towing are **DISMISSED WITHOUT PREJUDICE.**

3.      Banks's Motion to Compel, R. 5, is **DENIED as MOOT**;

4.      Banks's Complaint, R. 1, is **DISMISSED** and **STRICKEN** from the active

docket.

5.      The Court will enter an appropriate Judgment.

Signed on  April 1, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY